## Oliphant *versus* Patterson.

1. The defendant requested the plaintiff to pay a debt which he (defendant) owed to another. *Held,* whether the defendant owed it individually or as partner, that it was not within the Act of April 26th 1855 (Frauds).

2. The plaintiff gave in evidence an account and a note between other parties, claiming that he had paid it at the defendant's request, and gave evidence that the defendant said the amount of the account was correct, and that the note was a debt due from him. The court submitted to the jury the question whether the defendant had recognised them as his debts, and if he had, the recognition was equivalent to previous authority to pay. *Held,* this was not a promise to pay the debt of another and that the instruction was correct.

November 19th 1867. Before THOMPSON, STRONG, READ and AGNEW, JJ. WOODWARD, C. J., absent.

Error to the Court of Common Pleas of *Fayette county:* No. 30, to October and November Term 1867.

Alfred Patterson, on the 9th of April 1866, brought an action of assumpsit against Fidelio H. Oliphant, and declared on a promissory note made by John Oliphant & Co. to John and George Evans for $259, payable in 90 days, endorsed to the plaintiff;— also on the common counts. The plaintiff offered in evidence the note declared on, to wit:—

" $259.00                        " Fairchance Iron Works,
                                        " November 26th 1860.

" Ninety days after date, we promise to pay to the order of John and George Evans, two hundred and fifty-nine dollars, without defalcation, for value received, payable at Fairchance Iron Works, in currency.

                                        " JOHN OLIPHANT & CO."

Endorsed:
          " JOHN EVANS,
          " GEORGE EVANS,
          " ALFRED STEWART."

He then called Isaac Skiles, who testified:—

" This note was before us as referees, in a parol submission by the parties to settle their differences. Mr. Oliphant admitted this was a debt coming to Mr. Patterson, from him (Mr. Oliphant); that this amount was due to Mr. Patterson."

The note was then read in evidence.

He then offered this account, viz.:—

" Fayette county Railroad Co.,
                        " In account with John Oliphant & Co.

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| By balance, | . | . | . | . | . | . | . $483.02 |
| Less this amount, Robinson, | . | . | . | . | . | 50.00 |

                                                    $433.02

" Fairchance Iron Works, June 27th 1862,"

[Oliphant v. Patterson.]

alleging, as stated in the judge's certified notes of trial, that the defendant got him to pay it for John Oliphant & Co.; he further examined the witness, who said: "In reference to this account, Mr. Oliphant (defendant) said, that $483.02 was correct."

The court (Gilmore, P. J.) charged:—

"The defendant claims that under the 1st section of the Act of Assembly of the 26th April 1855, the plaintiff cannot recover the first two items claimed. The act requires any special promise to answer for the debt or default of another to be in writing. We do not look upon the alleged liability of the defendant under the proof in the case, to be merely a special promise to pay the debt or undertaking of another. It is an acknowledgment to pay plaintiff money which he had already paid. The recognition of the obligation to pay is equal to proof that the money was paid, laid out, &c., at the defendant's own instance and request. This subsequent recognition, if believed, is equivalent to previous authority to pay."     *     *     *     *     *     *     *

The verdict was for the plaintiff for $987.79.

The defendant took a writ of error, and assigned the charge for error.

D. Kaine, for plaintiff in error, referred to Tucker v. Bitting, 8 Casey 430; Shoemaker v. King, 4 Wright 110; Miller v. Long, 9 Id. 350; Maule v. Bucknell, 14 Id. 39; Paul v. Stackhouse, 2 Id. 302; 1 Saunders's Rep. 264 and notes; Act of April 26th 1855, § 1, Pamph. L. 308, Purd. 497, pl. 4.

Patterson, for defendant in error, from whom the reporter received no paper-book.

The opinion of the court was delivered, November 21st 1867, by

AGNEW, J.—It is a mistake to suppose that the plaintiff's claim fell within the Statute of Frauds. The defendant was not charged upon any special promise to answer the debt or default of another. He did not assume to pay the debt of another to the plaintiff, but he requested the plaintiff to pay a debt which he himself owed to another. Whether he owed it individually or as a partner matters not, as he has not pleaded in abatement, and the proof shows no recognition of the debt as a partner merely. Before the arbitrators, Oliphant distinctly admitted that the note was a debt coming to Patterson from him; that this amount was due Mr. Patterson. The account also was claimed by Patterson, as paid at Oliphant's request, and Oliphant admitted that this sum ($483.02) was correct. The court submitted the recognition of these debts to the jury, with the instruction that the subsequent recognition of the obligation to pay the plaintiff, was equal to proof of payment at the defendant's own request. The jury

6 P. F. SMITH—24

[Oliphant *v.* Patterson.]

found the fact, and this distinguishes it from a mere promise to pay the debt of another.

We discover no error, and the judgment is therefore affirmed.